UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA F. GIOIA,

                                 Plaintiff,

           -against-

JANSSEN PHARMACEUTICAL,

                                Defendant.
-----------------------------------------------------------------X

For Online Publication Only

**FILED
CLERK**

10/12/2023 1:30 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**ORDER TO SHOW CAUSE**
23-CV-1187 (JMA) (SIL)

**JOAN M. AZRACK, District Judge:**

      Before the Court are several applications from the parties: (1) Janssen Pharmaceutical's ("Defendant") letter motion seeking a pre-motion conference in anticipation of filing a motion to dismiss the complaint (s*ee* Docket Entry ("DE") 11); (2) *pro se* plaintiff Maria F. Gioia's ("Plaintiff") nebulous letter motion requesting "withdrawal of this case from Eastern District Court of NY" (DE 18); (3) Defendant's letter motion requesting a briefing schedule and a filing injunction (DE 25); and (4) Plaintiff's letter motion requesting electronic filing privileges for "all [of her] active cases." (DE 29.)   For the reasons that follow, **Plaintiff is ORDERED TO SHOW CAUSE in writing why her complaint should not be dismissed with prejudice for failure to prosecute.**   Determination of Defendant's pre-motion conference letter and filing injunction request, as well as Plaintiff's motion requesting electronic filing privileges will be held in abeyance pending resolution of the Order to Show Cause.[1]

## I.    BACKGROUND

      Plaintiff is no stranger to this Court.   Although Plaintiff has six *pro se* complaints in this

---

[1] Plaintiff's request as set forth in DE [11] is unclear. Should Plaintiff wish to continue with her prosecution of this matter, she shall, in her response to this Court's Order to Show Cause, clarify the basis for her request contained in that letter. Accordingly, DE [11] is denied without prejudice to refiling upon clarification.

Court,[2] she commenced three of those actions against Defendant in state court and Defendant removed each of them, including the present complaint, to this Court. *See* 19-CV-4629, 19-CV-5377, and 23-CV-1187. Plaintiff moved twice to remand her complaint in 19-CV-4629 to the New York State Supreme Court, Nassau County (*see* ECF Nos. 16, 18), and those applications were denied. (Elec. Order dated February 19, 2020 (finding "Defendant properly removed this action to federal court.") (citing 28 U.S.C. § 1441) and Elec. Order dated September 28, 2020). Plaintiff also moved to remand her complaint in 19-CV-5377 to the New York State Supreme Court, Suffolk County (ECF No. 18), and that application was likewise denied. *See* Elec. Order, dated February 20, 2020. Presently, both 19-CV-4629 and 19-CV-5377 are closed following the dismissal of Plaintiff's complaints and, by Mandate dated August 5, 2022, the Second Circuit Court of Appeals denied Plaintiff's application for summary reversal filed in 19-CV-4629, finding the appeal "lacks an arguable basis in either law or fact." *See* 19-CV-4629 at ECF No. 63.[3]

With regard to the present case, like in her prior actions, she has made clear that she does not want to pursue her claims in this Court. Plaintiff did not appear at the initial conference in this case before Magistrate Judge Locke on March 23, 2023. *See* Minute Entry, ECF No. 19. Given Plaintiff's non-appearance, together with her claim of some type of unspecified bullying by

---

[2] *See* 19-CV-4629(JMA)(SIL) *Gioia v. Janssen Pharmaceutical* (complaint and amended complaint dismissed with prejudice and affirmed on appeal (*see* Mandate, 22-53, Docket Entry No. 63) because "it lacks an arguable basis either in law or in fact."); 19-CV-5377(JMA)(SIL) *Gioia v. Janssen Pharmaceutical* (complaint and amended complaint dismissed with prejudice and appeal dismissed by Mandate, 22-52, Docket Entry No. 55); 20-CV-4014(JMA)(SIL) *Gioia v. AP Singh Main St. Wine and Liquors* (*sua sponte* dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); 23-CV-1419 (JMA)(SIL) *Gioia v.SouthEnd Psychiatry* (dismissed for lack of subject matter jurisdiction); and 23 -CV-3353 (JMA)(SIL) *Gioia v. Patterson, Belknapp, Webb & Tyler* (dismissed for lack of subject matter jurisdiction).

[3] Plaintiff did not seek leave to appeal in forma pauperis or pay the fee to appeal in the case assigned docket number 19-CV-5377 and, by Mandate dated April 6, 2022, that appeal was also dismissed. *See* 19-CV-5377, ECF No. 55.

defense counsel and unfair treatment by the Court in prior litigation, Magistrate Judge Locke adjourned the conference and scheduled a teleconference for April 12, 2023 in order to give Plaintiff another opportunity to explain the bases for her position sufficient that it be addressed by the Court. (*Id.*)

Although the Minute Entry was mailed to Plaintiff at her then-address of record and was posted on the Court Electronic Case Filing System, Plaintiff did not call in or otherwise appear at the April 12, 2023 teleconference. (*See* Minute Entry, ECF No. 24.) Nor did Plaintiff request an adjournment. In light of Plaintiff's second failure to appear at a scheduled Court conference, Magistrate Judge Locke stayed the case "pending the Court's determination as to Defendant's request for a pre-motion conference, *see* DE [11], and Plaintiff's indication that she does not want this case litigated in the Eastern District of New York (whether considered a motion to withdraw the case pursuant to Rule 41, a motion to remand, or something else), *see* DE [18]." (*Id.*)

Shortly thereafter, Defendant renewed its request for a briefing scheduling in anticipation of moving to dismiss the complaint and for a filing injunction. (ECF No. 25.) Plaintiff did not respond to Defendant's letter and; instead, filed a change of address and a request for e-filing privilege in each of her active cases. (ECF No. 29.)

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action . . . ." FED. R. CIV. P. 41(b). Even if a defendant has not moved for dismissal under Rule 41(b), the Court has "unquestioned . . . authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).

3

"Courts have repeatedly found that dismissal of an action is warranted when a litigant . . . fails to comply with legitimate Court directives." *Rafaniello v. Travelers Cas. Co.,* No. 14-CV-3385, 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016), Report and Recommendation adopted, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016) (citation omitted). When a District Court contemplates a dismissal under Rule 41(b), it must consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted). No one factor is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Given that Plaintiff has requested that this case be withdrawn, together with her failure to: (1) appear at two Court conference; and (2) to oppose the Defendant's request for a briefing schedule, it does not appear that Plaintiff is interested in pursuing this case in this Court. Accordingly**, Plaintiff is now ORDERED TO SHOW CAUSE in writing within thirty (30) days why her complaint should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff shall explain why she has not: (1) appeared at the Court conferences; (2) responded to Defendant's letter regarding its anticipated motion to dismiss and for entry of a filing injunction (ECF No. 25, a copy is annexed to this Order to Show Cause); (3) otherwise participated in the prosecution of this case. Plaintiff shall state whether she seeks to withdraw her complaint with prejudice. To be clear, Plaintiff will not**

4

**be able to pursue these claims here or in the state court should she agree to withdraw her complaint with prejudice.**

**Plaintiff is warned that her failure to timely respond to this Order to Show Cause will lead to the dismissal of her complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).** *See*, *e.g.*, *James v. State Univ. of New York*, 22-CV-4856, 2023 WL 5702602 (Sept. 5, S.D.N.Y. 2023) (dismissing complaint with prejudice under Federal Rule of Civil Procedure 41(b)).[4]

### III. CONCLUSION

For the reasons set forth above, **Plaintiff is now ORDERED TO SHOW CAUSE in writing within thirty (30) days why her complaint should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff shall explain why she has not: (1) appeared at the Court conferences; (2) responded to Defendant's letter regarding its anticipated motion to dismiss and for entry of a filing injunction (ECF No. 25, a copy is annexed to this Order to Show Cause); (3) otherwise participated in the prosecution of this case. Plaintiff shall state whether she seeks to withdraw her complaint with prejudice. To be clear, Plaintiff will not be able to pursue these claims here or in the state court should she agree to withdraw her complaint with prejudice.**

**Plaintiff is warned that her failure to timely respond to this Order to Show Cause will lead to the dismissal of her complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b).** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

---

[4] It is not clear to the Court, as a threshold matter, whether Plaintiff intends to continue with the prosecution of this matter. Accordingly, the Court will hold Defendant's request for a litigation bar in abeyance, pending Plaintiff's response, if any, to this Court's Order to Show Cause.

this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at her address of record.

**SO ORDERED**.

Dated:  October 12, 2023
         Central Islip, New York

         /s/ (JMA)
         Joan M. Azrack
         United States District Judge

6